UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EFREN ESCOBAR MENDOZA,

v.  Case No. 3:06-cr-227-J-33TEM
 3:09-cv-208-J-33TEM

UNITED STATES OF AMERICA.

## **O R D E R**

This cause is before the Court on Defendant Efren Escobar Mendoza's timely- filed 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-70). A review of the record demonstrates that, for the following reasons, the motion to vacate must be **denied.**

## **PROCEDURAL HISTORY**

On July 19, 2006, Mendoza was named in a two-count Indictment charging him with conspiracy to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) (Count One), and possession with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Doc. cr-1). On September 25, 2006, Mendoza entered a plea of guilty to both counts of the Indictment, without the benefit of a written plea agreement. (Doc. cr-35). On April 12, 2007, Mendoza was sentenced to 135 months imprisonment as to Counts One and Two. The sentences run concurrently. (Doc. cr-55).

On April 24, 2007, Mendoza filed a timely notice of appeal, challenging the District

Court's enhancement of his offense level as a leader/organizer, pursuant to sentencing guidelines section 3B1.1. (Doc. cr-56). On December 3, 2007, the United States Court of Appeals for the Eleventh Circuit rejected his claim and affirmed the sentence as imposed. (*See* Doc. cr-69). There is no indication in the record that Mendoza sought certiorari review from the United States Supreme Court. Therefore, Mendoza's conviction was final on March 3, 2009. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255(1) until expiration of ninety-day period for seeking certiorari). Mendoza's motion was not filed with this Court until March 6, 2009, three days after his conviction was final, and fifteen days after he purportedly delivered it to prison officials for filing. The certificate of service attached to Mendoza's motion is dated February 19, 2005. Pursuant to the "mailbox rule" established in *Houston v. Lack*, 487 U.S. 266 (1988), this is presumably the date that Mendoza delivered his motion to prison officials to be filed by mail and so is the official filing date. Therefore, Mendoza's motion is timely.

**FACTUAL ALLEGATIONS**

Title 28, United States Code, Section 2255, allows attack on a conviction and sentence on only four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. *E.g., United States v. Addonizio*, 442 U.S. 178, 184-86 (1979).

Mendoza seeks review of his sentence, claiming that he was denied his Sixth

Amendment right to effective assistance of counsel. Ineffective assistance of counsel claims are generally reviewable only on collateral attack, pursuant to 28 U.S.C. § 2255. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Claims of ineffective assistance excuse failure to raise other claims if ineffective assistance of counsel is the cause for the failure to raise the claim. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989).

## Standard for Ineffective Assistance of Counsel

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To prevail on a claim of ineffective assistance of counsel, a defendant must meet the "cause" and "prejudice" requirements established by *Strickland v. Washington*, 466 U.S. 668 (1984). That is, Mendoza must show (1) that his counsel's representation was deficient, and (2) that this deficient representation prejudiced Mendoza. *Strickland v. Washington*, 466 U.S. at 687; see also *Baxter v. Thomas*, 45 F.3d 1501, 1512 (11th Cir. 1995). A court need not address both components of the inquiry if Mendoza makes an insufficient showing on one component. *Id.; see also Weeks v. Jones*, 26 F.3d at 1037.

In determining whether the first portion of the test has been met, the proper standard is "reasonably effective assistance[,]" or "whether counsel's representation fell below an objective standard of reasonableness." *Weeks v. Jones*, 26 F.3d 1030, 1036 (11th Cir. 1994). Application of this standard requires that judicial scrutiny of counsel's performance be highly deferential; a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

Even if the Court were to find some deficiency in the performance of counsel, a defendant is not entitled to relief on ineffective assistance grounds unless the second prong

of the *Strickland* test is met. *United States v. Hilliard*, 752 F.2d 578, 580 (11th Cir. 1985). Under the second prong, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When a defendant fails to make a sufficient showing of prejudice, this Court need not even address the adequacy of counsel's performance. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

Finally, every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Weeks v. Jones*, 26 F.3d at 1036; *Diaz v. United States*, 930 F.2d 832 (11th Cir. 1991). A court must examine the "totality of the circumstances" in determining whether the counsel a defendant received was constitutionally sufficient and effective. *McCoy v. Newsome*, 953 F.2d 1252, 1263 (11th Cir. 1992).

**Specific Claim of Ineffective Assistance of Counsel**

Mendoza claims that his former counsel was ineffective for failing to argue successfully that Mendoza was entitled to a downward departure at sentencing in recognition of information and assistance he (Mendoza) provided to law enforcement. Mendoza claims that counsel's alleged promise of this downward departure enticed him to plead guilty. He also claims that counsel should have argued that the defendant was eligible for application of the "safety valve," should have obtained dismissal of Count Two of the Indictment, and secured a three-level reduction of his offense level for acceptance

4

of responsibility.[1]

## Alleged Promise of Reduced Sentence
## Knowing and Voluntary Nature of Plea.

Mendoza claims that his plea was predicated on his lawyer's promise of a reduced sentence. He argues that, because the sentence imposed was not reduced below the statutory mandatory minimum, his plea was essentially "induced" by counsel's false promise. (See Mendoza's Motion To Vacate, Doc. cv-1 at 4). The record clearly negates this claim.

The Court, at the beginning of the change of plea hearing, placed Mendoza under oath and cautioned him to answer all questions truthfully, and stated that any answers given could be used in defense of a challenge to the plea or sentence. (Doc. cr-62 at 6). Mendoza assured the Court that no one had threatened, forced, coerced or intimidated him into his guilty plea, and that in entering his plea he was not "relying on any promise, assurance, or agreement from anyone[.]" *Id.* at 67. The Court then queried Mendoza on his understanding of the sentencing guidelines as follows:

THE COURT: . . .

> Once it is determined what guideline range applies to you, then the district judge is required to consider the guidelines, but has the authority to impose any penalty up to the statutory maximum.
>
> What this means is that the guidelines are not binding on the district judge. They're only advisory. They're there to help the judge determine an appropriate sentence. But at the end of the day, the judge retains the authority to impose any sentence at all, so long as it's within the statutory maximum. . . .

---

[1] It is unclear if Mendoza is arguing that counsel was ineffective for failing to negotiate a plea agreement; however, because it is reasonable to assume from the record that Mendoza wanted to preserve his right to appeal, he did not wish to enter into a written plea agreement with the government, the terms of which would have included a waiver of direct and collateral appeal.

And Mr. Mendoza, do you understand that, sir?

MENDOZA: Yes.

*Id.* at 20. Mendoza acknowledged that the sentence imposed may be more severe than any sentence estimated by his lawyer, and that he was facing a "minimum mandatory term of imprisonment of ten years and up to life in prison" as to each count of the indictment. *Id.* at 21, 26, 28, respectively. The Court carefully explained that "if [Mendoza] were convicted of both Count One and Count Two and were to be sentence consecutively, [he] would face a minimum mandatory term of 20 years and up to life in prison[.]" *Id.* at 29. Mendoza confirmed that he understood the cumulative maximum penalties. Id. at 30.

Later in the colloquy, while the Court read the personalization of elements, the defendant answered the Court's questions concerning the drug amount charged, stating: "I don't know - - I did not know exactly the amount or the purity of the substance, but it may be - - it maybe right." *Id.* at 65.[2] Mendoza's candor with the Court illustrates that he was careful to be truthful and was respectful of the solemnity of the proceedings and their importance. His responsiveness indicates that he was not so intimidated by the Court that he could not or would not speak up for himself. He assured the Court that he had enough time to consult with counsel and was satisfied with counsel's advice. *Id.* at 69-70.

The colloquy at the change of plea hearing directly refutes Mendoza's current claim that his plea was predicated on the promise of a reduction in sentence. The representations of the defendant at a plea hearing with the findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v.*

---

[2] Mendoza subsequently assured the Court that, based upon tests conducted by the Drug Enforcement Administration and consultation with counsel, he had no objection to the calculated drug amount as stated in the PSI. (Doc. cr-62 at 65-66).

*Allison*, 341 U.S. 63, 74 (1977). The declarations of Mendoza in open court carry a strong presumption of verity which is not overcome by the subsequent presentation of conclusory and contradictory allegations. *Id.*

Simply put, the statements of a defendant in open court are presumed to be true, *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987), and are therefore not overcome by a defendant's bald assertion of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988). The record clearly refutes Mendoza's claim that his guilty plea was predicated on a promise outside the record; in fact, the only time any promise is mentioned is when Mendoza assured the Court there were none. (Doc. cr-62 at 6). The record conclusively negates this claim.

**Remaining Claims of Ineffective Assistance of Counsel**

Mendoza also argues that counsel should have argued for application of the "safety valve," dismissal of Count Two of the Indictment, and a three-level reduction for acceptance of responsibility. For the reasons stated below, these claims are without merit.

Title 18, United States Code, Section 3553(f) is commonly referred to as the "safety valve" because it allows a sentencing court to impose sentence without regard to a statutory minimum mandatory sentence if five specific factors are present. Section 3553(f)(4) precludes application of the safety valve for any defendant who held a leadership role in the offense.

At sentencing, Mendoza's former counsel argued at length that Mendoza should not be scored as a leader or organizer pursuant to sentencing guidelines section 3B1.1(c). (Doc. cr-66 at 4-9). Counsel's aggressive arguments were a clear attempt to remove this aggravating role in the offense, which disqualified Mendoza from the benefit of relief under

7

the "safety valve." Had this argument been successful, counsel then could have made a plea for application of the safety valve, which would allow the Court to sentence Mendoza without regard to the otherwise applicable statutory minimum sentences. *Id.* at 5. Though the Court ultimately overruled the objection to the role enhancement, it noted counsel's "thoughtful and eloquent argument[.]" *Id.* at 17.

The record also negates Mendoza's complaints that counsel failed to make the Court aware of his cooperation with law enforcement. Mendoza's desire to cooperate prior to sentencing was never an issue; both the United States and the defense recognized Mendoza's attempts to provide substantial information to agents in support of a recommendation for sentencing at the low end of the guidelines range of 135-168 months imprisonment. (*See* Doc. cr-66 at 18-19). This recommendation was accepted by the Court, and concurrent 135-month sentences were imposed for both Counts One and Two. *Id.* at 20. Additionally, and contrary to Mendoza's complaint, he received a three-level reduction of his offense level in recognition for his timely cooperation. See PSI at ¶¶ 27 and 28. Because the sentences were ordered to run concurrently, Mendoza can show no prejudice resulting from counsel's alleged failure to secure dismissal of Count Two. Therefore, the remaining complaints of ineffective assistance of counsel are completely meritless.

**Conclusion**

The record clearly negates Mendoza's claim that he received ineffective assistance of counsel in his underlying criminal case. For the reasons stated herein, the Court orders:

That Mendoza's *pro se* 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct an Allegedly Illegal Sentence (Doc. cv-1; cr-70) is denied. The Clerk is directed to enter judgment against Mendoza in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 16, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Angela Dougan Sherrer
Efren Escobar Mendoza, Pro se